962 F.2d 17
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark P. TURNER, Plaintiff-Appellant,
v.
Herb MASCHNER; Phillip E. Swope; Daniel Crute; Mike
Meyers, Sgt.; H.R. Woodcock, Sgt., Defendants-Appellees.
 No. 91-3338.
 United States Court of Appeals, Tenth Circuit.
 
 ay 8, 1992.
 Before LOGAN, Circuit Judge, BARRETT, Senior Judge, and EBEL, Circuit Judge.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 Appellant Turner appeals the dismissal of his suit brought against various Kansas state prison officials under 42 U.S.C. § 1983. The appellant argues that the appellees violated his right to due process by finding him guilty of theft in an administrative hearing in which the evidence did not support such a finding. We affirm the dismissal of the action for substantially the reasons set forth by the district court in its order of October 1, 1991.
 
 
 2
 We grant the appellant's motion to proceed in forma pauperis.
 
 
 3
 The appellant was accused of obtaining student directories from several junior high schools under false pretenses. These directories contained the names and addresses of female students to whom the appellant subsequently wrote. In his letters seeking to purchase these directories, the appellant identified himself as a member of the Lansing P.T.A. seeking to buy directories to use as examples for a similar publication to be produced on behalf of the Lansing school system. An official from the school district to whom the appellant sent his letter submitted an affidavit stating that they would not have sent the directories if they had known that the requestor was an incarcerated prisoner.
 
 
 4
 In essence, the appellant argues that he cannot be guilty of theft because he intended to pay for the items he requested. The appellant misconstrues the offense of which he was found guilty. The appellees found the appellant guilty of violating Kan.Admin.Regs. 44-12-203. That regulation, entitled "Theft," states that theft includes "[o]btaining by deception control over property." The appellant does not contest that he obtained the directories through deception. Therefore, the fact that he intended to pay for the directories is irrelevant to whether a violation of Reg. 44-12-203 occurred. Hence, the appellant's argument that the evidence did not support the finding of guilt is without merit.
 
 
 5
 Accordingly, we AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 6
 FNAfter examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3